IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CV-00721-BO

| | |
|---|---|
| SHELCO, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| SHAUN DONOVAN, in his official capacity as SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT, and BERKADIA COMMERCIAL MORTGAGE , LLC, | ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on defendant Lenox Mortgage XVII LLC's ("Lenox") FED. R. CIV. P. 60(b) motion for an order vacating in part the Court's judgment of October 29, 2013 [DE 115]. The motion is now ripe for adjudication. For the reasons stated herein defendant's motion is GRANTED.

## BACKGROUND

On October 29, 2013, this Court rendered its decision granting the plaintiff's motion for partial summary judgment against defendants Lenox and Shaun Donovan, as Secretary of the United States Department of Housing and Urban Development ("HUD"), granting the motion for summary judgment of Berkadia Commercial Mortgage, LLC ("Berkadia"), and denying the motions of Lenox and HUD for summary judgment. The effect of the court's decision was that Lenox and HUD became jointly and severally liable for a judgment in excess of $700,000 in favor of the plaintiff.

Subsequent to the entry of the judgment and prior to the filing of a notice of appeal by Lenox and HUD, the parties engaged in good faith negotiations to settle the matter and to avoid the expense and time associated with an appeal of the Court's decision. The parties now inform the Court that as a consequence of these negotiations, a settlement has been reached which calls for the parties to cooperate in requesting that this Court vacate its judgment so that the case may be dismissed without prejudice.

## **DISCUSSION**

Pursuant to Rule 60(b), this Court has the authority to alter or amend a judgment upon numerous grounds, which includes the discretion to vacate a judgment under proper circumstances upon request and consent of the parties. The Supreme Court and the United States Court of Appeals for the Fourth Circuit have recognized the rights of parties to request that a district court vacate its judgment. *See e.g., J.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994); *Pressley Ridge Sch. v.* Shimer, 134 F.3d 1218, 1222 (4th Cir. 1998).

Factors considered by appellate courts in considering a request for vacatuer include: (1) timeliness; (2) lack of prejudice to the opposing party; (3) demonstration of a meritorious defense by the losing party requesting vacatuer; and (4) existence of exceptional circumstances. *See Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). District courts, however, are entitled to balance the equities in considering whether to vacate a judgment and are not necessarily required to conclude that all of the factors listed above are present, and can even vacate a judgment where the public interest would not indicate a basis for such relief. *Valero Terrestial Corp. v. Paige*, 211 F.3d 112, 118 n.2, 121 (4th Cir. 2000).

Here, the parties have reached a settlement within two months after the judgment was entered and prior to the filing of an appeal by Lenox and HUD. The instant motion was filed

2

promptly after the settlement was documented. The settled outcome includes the parties' agreement that the judgment against HUD and Lenox should be vacated and the underlying lawsuit should be dismissed without prejudice. Therefore, there is no prejudice to any party in connection with this vacatuer. Berkadia consents to the vacatuer and the vacatuer will have no impact on the Court's order as it pertains to Berkadia. Accordingly, the Court grants defendants' motion for vacatuer. The Court's October 29, 2013 order and judgment in this case is vacated as to Lenox and HUD only. This order does not affect in any way the Court's October 29, 2013 order and judgment as it pertains to Berkadia. The parties are allowed to file a stipulation of dismissal without prejudice.

## **CONCLUSION**

For the foregoing reasons, the defendants' Rule 60(b) motion for vacatuer of this Court's October 29, 2013 order and judgment as to Lenox and HUD is GRANTED. This order does not affect in any way the Court's October 29, 2013 order and judgment as it pertains to Berkadia. The parties are allowed to file a stipulation of dismissal without prejudice.

SO ORDERED.

This the 23 day of January 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE